WILHELMINE ZERULLA

*v.*

THE SUPREME LODGE ORDER OF MUTUAL PROTECTION.

*Opinion filed October 23, 1906—Rehearing denied Dec. 5, 1906.*

1. APPEALS AND ERRORS—*when a principle of law laid down on the first appeal is not binding.* A principle of law laid down by the Appellate Court upon reversing a judgment generally and remanding the cause is not binding upon that court upon a second appeal, where the Supreme Court has, since the first appeal, decided the point involved contrary to the principle laid down.

2. BENEFIT SOCIETIES—*when suicide precludes recovery.* Suicide by a member of a benefit society precludes a recovery by the beneficiary, regardless of whether he was sane or insane at the time or of the degree of his insanity, where both the application for membership and the by-laws of the society specify that no benefits shall be paid if death results from the member's voluntary or involuntary suicidal act, whether sane or insane at the time. (*Seitzinger v. Modern Woodmen,* 204 Ill. 58, followed.)

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

WILLIAM SCHREIBER, for plaintiff in error.

CRATTY BROS., JARVIS & SAMPLE, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an action of assumpsit brought in the circuit court of Cook county by plaintiff in error to recover as the beneficiary named in a death benefit certificate issued by the defendant in error to Wilhelm Jordan, brother of plaintiff in error. The first trial in the circuit court resulted in a judgment in favor of plaintiff. Upon appeal by defendant to the Appellate Court for the First District that judgment was reversed and the cause remanded. (*Supreme Lodge Order*

*of Mutual Protection* v. *Zerulla,* 99 Ill. App. 630.) Upon
the cause being tried again in the circuit court there was a
verdict and judgment for defendant, and from that judg-
ment an appeal was prosecuted by the plaintiff to the Appel-
late Court, where the judgment of the circuit court was
affirmed, and the case is brought here by the plaintiff on writ
of error.

The proofs show, and it was not denied, that Wilhelm
Jordan committed suicide by hanging himself. In his appli-
cation for membership in defendant in error he agreed that
if his death resulted from his own suicidal act, sane or in-
sane, then defendant in error should not be liable to the
beneficiary named in the certificate. The by-laws of defend-
ant in error also provided, that "if the death was due to the
voluntary or involuntary suicidal act of the deceased mem-
ber, whether he was at the time sane or insane," no benefit
shall be paid on account of the death of such member. The
Appellate Court in which the judgment sought to be re-
versed was rendered, held, under the authority of *Seitzinger*
v. *Modern Woodmen of America,* 204 Ill. 58, that the fact
that Jordan committed suicide precluded a recovery, and
based its judgment of affirmance of the judgment of the
circuit court upon that ground.

Plaintiff in error contends that the law of the case was
settled and announced by the Appellate Court the first time
the case was before that tribunal and before the decision of
this court in the *Seitzinger case* was filed, and that the law
as announced by the Appellate Court at that time must gov-
ern the future progress and determination of this case. It
is argued that this is the effect of certain language used in
the opinion of the Appellate Court with reference to the trial
court hearing evidence upon the question as to whether Jor-
dan was so insane as to not be able to understand the physi-
cal nature and consequences of the act that caused his death.
The judgment and order of the Appellate Court reversing
and remanding the case was general in its terms and con-

tained no directions to the trial court. It was neither final nor conclusive between the parties, no appeal could have been prosecuted from it, and it was, therefore, not *res judicata.* (*Blakeslee's Express Co.* v. *Ford,* 215 Ill. 230; *Friedman* v. *Lesher,* 198 id. 21; *Williams* v. *Harris,* id. 501; *Board of Trade* v. *Nelson,* 162 id. 431.) Where the Appellate Court or this court, on the first appeal to it, announces a particular view of the law governing the case and reverses and remands the case for further proceedings in accordance with the views announced, if the case is again brought before such court for review the former decision is binding on the court making it, and the questions decided and determined by it on the first appeal are not open for re-consideration on the second appeal. But while the determination of a question of law by the Appellate Court on the first appeal may, as a general rule, be binding upon it on the second appeal, it certainly cannot be binding on this court. Nor would the Appellate Court on the second appeal, we apprehend, be obliged to adhere to a proposition of law laid down on the first appeal, when this court had, since the first appeal, decided the precise question contrary to the rule announced by the Appellate Court. To so hold would lead to most illogical results.

It is not denied Jordan committed suicide, and we adhere to the rule announced in *Seitzinger* v. *Modern Woodmen of America, supra,* that under the provisions of his contract there can be no recovery in this case, whether he was sane or insane,—and this without regard to the degree of his insanity, if he was insane at the time.

There is no merit in the contention of plaintiff in error that defendant in error by any act or conduct ever waived its right to deny liability under the contract.

The view we take of this case renders it unnecessary to discuss any of the other errors assigned.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*