Presbyterian Distribution Service, a Nonprofit Association for Distribution of Religious Literature, Plaintiff-Appellant, v. Chicago National Bank, Successor-Trustee Under Trust No. 10460, and William Farnsworth, an Individual Doing Business as Harold H. Egan & Company, Defendants-Appellees.

Gen. No. 48,534.

First District, Third Division.

June 6, 1962.

1

Yowell, Long, Macdonald & Yowell, of Chicago (John J. Yowell and G. Kent Yowell, of counsel), for appellant.

Fein & Pesman, of Chicago (Harold A. Fein, of counsel), for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This suit involves a dispute between a tenant (plaintiff) and its landlord (defendant bank) concerning the right of the tenant to terminate a lease pursuant to the untenantability clause therein contained, together with certain other incidental questions. This is the third time this suit has been in this court. Our last opinion is reported in 28 Ill App2d, at p 147, 171 NE2d, at p 86, where the facts are amply stated.

Suit was instituted by plaintiff seeking a declaratory judgment that the lease had been properly terminated and an injunction restraining defendants from enforcing a judgment obtained in a court of law and from taking other legal action pending final disposition of the suit in chancery. Defendants filed an answer and counterclaim. The cause was referred to a master in chancery who found against plaintiff on the question of untenantability and for defendants for rent and certain other costs, charges and expenses including attorneys' fees. The master heard objections and overruled them. The chancellor heard the exceptions to the master's report, overruled them and entered a decree from which the prior appeal hereinbefore referred to was taken.

On the principal question of untenantability, this court on the prior appeal affirmed the decree, holding in substance that the question was one of fact which had been determined by the master and chancellor in favor of defendants. A petition for rehearing was filed, which this court considered and overruled. Thereupon plaintiff filed a petition for leave to appeal. The Supreme Court of Illinois denied the petition, thereby approving this court's decision, although not necessarily approving the reasons therefor. People v. Grant, 283 Ill 391, 119 NE 344, affirming 208 Ill App 235; Soden v. Claney, 269 Ill 98, 109 NE 661. Thus plaintiff has now had an adverse ruling on the principal issue by the master, the chancellor, this court and the Supreme Court of Illinois, but such is the vigor and momentum of counsel's commitment to the cause of their client that they argue in this court that the former judgment was *palpably* erroneous and that we should now reverse it. No new point is made.

██ There must be an end to litigation, and under the doctrine of "the law of the case," a question determined on appeal is considered settled and will not be re-examined on subsequent appeal. Zerulla v.

3

Supreme Lodge Order Mut. Protection, 223 Ill 518, 79 NE 160. There are exceptions, such as a case in which a higher court has in the interval between appeals announced a contrary law. Zerulla v. Supreme Lodge, supra; Awotin v. Atlas Exchage Nat. Bank of Chicago, 275 Ill App 530.

██ It has also been said that where a prior decision was palpably erroneous, on second appeal the court has the power and duty to correct it. Thomason v. Chicago Motor Coach Co., 298 Ill App 626, 19 NE2d 435, is cited in support of this point. In that case on the first appeal a judgment entered on a directed verdict for the defendant was reversed and the cause was remanded for a new trial. On the new trial, judgment was rendered on a verdict for the plaintiff. On appeal the Appellate court held there was no theory of law upon which a judgment in favor of the plaintiff could be sustained and thereupon reversed the judgment without remanding. Thus what the court actually did was to reach a different decision upon an appeal from a judgment entered upon a second trial. That presents a very different situation from the one before us. Here we remanded the cause solely for the purpose of having the decree modified to conform to our instructions with respect to incidental questions. We did not order a new trial.

██ It has been said that the role of the "law of the case" expresses the practice of courts generally and does not act as a limitation on their power and therefore should not be followed when an error resulting in injustice has been committed. Messenger v. Anderson, 225 US 436 (1912); Awotin v. Atlas Exchange Nat. Bank of Chicago, 275 Ill App 530. We consider the rule to have more effectiveness and stability than this language indicates. It is a firmly established principle, to which there may be a rare exception. The instant case is not such.

4

■ Plaintiff further urges as error the chancellor's allowance on remand of $1250 attorneys' fees incurred by defendants on the last appeal. This court's earlier award of fees was for such expenses as were incurred before the master and chancellor. Such additional expenses as were incurred in defending the appeal were covered by the same provision of the lease, and the award of compensation therefor by the chancellor was consistent with the views we therein expressed and in conformance with the mandate of this court. We did not place a ceiling on attorneys' fees incurred by lessor so as to free lessee from liability for expenses it subsequently caused. The record does not show that plaintiff objected to the proceedings whereby additional fees were determined, and the order indicates that plaintiff took part in these hearings by means of cross-examination. The only objection shown in the record is that contained in plaintiff's post-decretal motion.

Plaintiff makes the argument that lessor to recover such expense must be without fault and that this provision must be strictly construed against it. A similar argument as to the previous fees was made in the petition for rehearing filed after our prior decision and was denied. We are still of the same opinion.

■■ Finally, plaintiff urges as error the method by which the chancellor amended his decree so as to conform to our mandate following remandment. This was done by means of a nunc pro tunc order as of the date of the original decree. The only matter of substance involved in this argument is the question of when and how the statutory interest should be computed. The amount involved is not indicated in the briefs. On oral argument counsel for defendants estimated it to be between $100 and $200, to which plaintiff offered no objection. This is borne out by our own computations. We estimate that interest at 5%

5

computed from the date of the original decree to May 28, 1962 would cost plaintiff $155.62 more than if computed from the date the order was entered following remandment. However, if statutory interest were computed from the later date and interest on the unpaid rent running under the terms of the lease at 7% were computed for the intervening period and included in the amended decree and if statutory interest on that additional amount were also computed, plaintiff's liability would be substantially increased.

The exact amount owed was not determined until disposition of the case following remandment and modification of the decree in conformance with our disallowance of one item of damages and reduction of another. Therefore statutory interest on the judgment properly should run from the date of the amended decree. Hillmer v. Block, 315 Ill App 134, 42 NE2d 119. However, pursuant to this reasoning the interest on the unpaid rent owed under the lease might well be redetermined to run to the date of the amended decree. Rather than have this case flutter back and forth between courts, we will accept the maximum amount suggested by defendants and require defendants to enter a remittitur in the amount of $200 to be filed within 30 days.

The decree is affirmed upon defendants filing a remittitur of $200 in this court within 30 days. In the event of failure so to do, the decree is reversed and the cause is remanded with directions to compute the interest and enter orders in accordance with the views herein expressed.

Decree affirmed upon filing a remittitur of $200 within 30 days; otherwise decree reversed and cause remanded with directions.

McCORMICK, P. J. and DEMPSEY, J., concur.