WILLIAM THATCH, Plaintiff-Appellee, *v.* MISSOURI PACIFIC RAILROAD COMPANY, Defendant-Appellant.

Fifth District   No. 78-326

Opinion filed March 13, 1979.

Walker & Williams, P. C., of Belleville (David B. Stutsman, of counsel), for appellant.

Rex Carr and David J. Letvin, both of Cohn, Carr, Korein, Kunin, Schlichter and Brennan, of East St. Louis, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant Missouri Pacific Railroad Company appeals from the order of the Circuit Court of St. Clair County fixing June 7, 1974, the date of plaintiff's initial judgment, as the date from which interest on a judgment accrues pursuant to section 3 of the Interest Act (Ill. Rev. Stat. 1973, ch. 74, par. 3).

■■ Plaintiff William Thatch initially brought suit under the Federal Employers' Liability Act (45 U.S.C. §51 *et seq.*) to recover damages for injuries sustained while working for defendant railroad. At the close of the trial the court refused to submit the issue of plaintiff's contributory negligence to the jury. In cases arising under the F.E.L.A., plaintiff's contributory negligence would not bar recovery, but would reduce his damages in proportion to the amount of negligence attributable to him. Thereafter, the jury returned a verdict in favor of plaintiff in the amount of $249,200 upon which verdict judgment was entered on June 7, 1974.

Defendant appealed and in *Thatch v. Missouri Pacific R.R. Co.*, 47 Ill. App. 3d 980, 362 N.E.2d 1064 (5th Dist. 1977), we held that the issue of plaintiff's contributory negligence was for the jury to decide and ordered a new trial limited to determining the amount by which damages should be reduced considering the evidence of plaintiff's contributory negligence. We concluded:

> "The case is therefore remanded to the trial court of St. Clair County with directions to enter judgment for the plaintiff on the issue of liability, and a new trial is ordered limited to the issue of damages in accordance with this opinion.
>
> Reversed and remanded with directions."

In denying plaintiff's petition for rehearing, we filed a supplemental opinion and clarified the issues to be resolved on retrial. We suggested that the trial court have the jury decide what percentage of the total combined negligence of both parties consisted of plaintiff's negligence and then reduce plaintiff's damages of $249,200 by this percentage. We remanded for proceedings consistent with the views expressed in the opinion. Our mandate, filed November 1, 1977, was entitled "REVERSED ORDER" and likewise reflected that this cause was remanded to the Circuit Court of St. Clair County.

Pursuant to the directions in these two opinions, a new trial was held on the issue of damages. The jury returned a verdict in favor of plaintiff in the amount of $236,740 upon which verdict judgment was entered on February 22, 1978. On March 21, 1978, plaintiff filed a motion to fix interest contending that the interest on the judgment accrued from June 7,

1974. In granting interest on the sum of $236,740 from this date, the trial court stated:

> "If the judgment debtor retains the use of the money prior to the satisfaction of the judgment, the judgment creditor deserves interest as payment for that use. The cost of the loss of the use of the money should be borne by the defendant whose initial wrongful conduct invoked the judicial process and who had the use of the money judgment through the period of delay."

The only issue on appeal is whether the interest on the new award of $236,740 should be computed from June 7, 1974, the date of the original judgment, or February 22, 1978. The applicable statutory provision permitting interest to accrue on the judgment in this action is section 3 of the Interest Act (Ill. Rev. Stat. 1973, ch. 74, par. 3). It provides:

> "Judgments recovered before any court or magistrate shall draw interest at the rate of 6% per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. However, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment."

Defendant railroad argues that it was error for the trial court to award interest on a judgment that has been reversed and nullified. It further argues that it was impossible to tender full payment of judgment, interest and costs to prevent further accrual of interest as the amount of damages was not ascertainable until the retrial in 1978.

Plaintiff, however, contends that our initial opinion did not reverse the 1974 judgment but simply remanded the case for modification of the damage award. Plaintiff claims that defendant ignores the language of the supplemental opinion and mandate which specified a remandment and not a reversal. In addition, he argues that defendant could easily have stopped the running of interest by tendering the full amount of the original judgment.

The problem of determining when interest accrues on a judgment in a case which encompasses numerous appeals has plagued the courts for many years. (See cases collected in Annot., 4 A.L.R. 3d 1221 (1965).) The solution to this problem, compounded in recent years as litigation becomes more complex and prolonged, cannot be found in the applicable statutory language. Section 3 of the Interest Act simply provides that interest on a judgment accrues from the date of that judgment. While

there is no difficulty determining the date from which interest runs on a judgment that has been affirmed in an appellate court or has not been appealed, the problem arises in delineating the specific date of a judgment for purposes of the statute when the judgment has been partially or totally set aside and modified on appeal, or remanded for further proceedings which result in the entry of a new or modified judgment. In arriving at a specific date from which to measure the accrual of interest, it is necessary to scrutinize the events leading up to this appeal.

In our previous two opinions in this matter, which unfortunately did not anticipate the problem presented here, we ordered a new trial for the purpose of reducing plaintiff's damages in proportion to the amount of negligence attributable to him, if any. While we directed the trial court to enter judgment for plaintiff on the issue of liability, it is clear that, upon remand, plaintiff could have lost as a result of his contributory negligence, most, if not virtually all, of the previously awarded damages. Having therefore ordered a new trial on a substantial and critical element of the damage issue, we could not conceivably remand for a new trial without reversing or setting aside the original money judgment. As set aside, the judgment ceased to be a viable one and could no longer be the basis for awarding statutory interest pursuant to section 3.

We note that certain policy considerations support this conclusion. Had we adopted plaintiff's position that he was entitled to interest from the date of the initial judgment, it is not clear how defendant could have tendered full payment of the judgment, interest and costs to stop the further accrual of interest following this court's prior decision. (See *e.g.,* *Presbyterian Distribution Service v. Chicago National Bank*, 36 Ill. App. 2d 1, 183 N.E.2d 525 (1st Dist. 1962).) The exact amount of damages was not known until the trial court submitted the issue of contributory negligence to the jury. It would therefore be inequitable to compel defendant to pay additional interest when by the terms of the statute defendant could not have prevented such further accumulation. Plaintiff is correct in noting that defendant could have tendered the full amount of the first judgment; but, in light of this court's initial decision, it would be unwise for defendant to tender payment to plaintiff knowing that such payment would probably be in excess of the final award; that plaintiff would therefore have the use of money rightfully belonging to defendant; and that defendant would then have to collect the excess payment from plaintiff.

Plaintiff argues that the loss of the use of a money judgment pending appeal should fall on the defendant having the use of money during this time and whose wrongful conduct invoked the judicial process. (See *Perkins v. Standard Oil Co.*, 487 F.2d 672 (9th Cir. 1973); *Mascuilli v. United States*, 383 F. Supp. 50 (E.D. Pa. 1974), *aff'd*, 519 F.2d 1398 (3d

Cir. 1975).) While we concede that there is ample support for plaintiff's position, we believe that defendant should not be held responsible for a judgment and its accrued interest until the extent of liability is settled. At the time of our initial decision directing the trial court to enter judgment in favor of plaintiff on the issue of liability, it was not yet established whether plaintiff was contributorily negligent. As this element was critical to the respective rights of the parties, we believe it is improvident to penalize defendant when it could not have known the extent of its obligation.

Plaintiff directs us to numerous court decisions which he believes support his position that interest accrues from the initial judgment. He places great emphasis on three Illinois Supreme Court decisions, *Wirth v. Industrial Com.*, 63 Ill. 2d 237, 347 N.E.2d 136 (1976); *Proctor Community Hospital v. Industrial Com.*, 50 Ill. 2d 7, 276 N.E.2d 342 (1971); *Gnat v. Richardson*, 378 Ill. 626, 39 N.E.2d 337 (1942), for the proposition that the setting aside or reversal of a prior judgment does not prevent a court from charging interest from the date of that judgment. In *Proctor*, the circuit court had set aside an award of compensation by the Industrial Commission which the supreme court ordered reinstated. When the hospital refused to pay interest from the date of the initial award, petitioner instituted proceedings to collect these funds. In granting petitioner's request, the supreme court relied on the following statutory language which is not applicable in the present controversy:

> "When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment * * *." (Ill. Rev. Stat. 1967, ch. 74, par. 3.)

The problem presented in our case does not involve the reinstatement of an award or verdict and consequently the above language does not apply. For similar reasons, the decisions of *Wirth* and *Gnat* are not pertinent here. In *Wirth*, interest was granted on an Industrial Commission arbitrator's award which had been set aside by the Industrial Commission. The Commission's decision had been affirmed by the circuit court but the supreme court reinstated the award. In *Gnat*, the supreme court permitted interest to run from the date of the jury verdict which had been set aside by the trial court upon the defendants' motion for judgment *n.o.v.*, but reinstated in the appellate court and affirmed in the supreme court.

Plaintiff also relies on numerous Federal decisions which are persuasive but not controlling. In *Perkins v. Standard Oil Co.*, 487 F.2d 672 (9th Cir. 1973), the plaintiff had previously prevailed in a private antitrust action against defendant oil company before the United States

Supreme Court. After further litigation, the Federal district court awarded attorney's fees which were reduced by the decision of the ninth circuit. This decision did not include instructions with respect to the accrual of interest on any of the awards. In an opinion subsequently allowing interest to run from the original award of attorney's fees, the ninth circuit stated that the reduction of a single item of damages such as attorney's fees did not result in an entirely new judgment and held that "the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry." 487 F.2d 672, 676.

*Perkins*, unlike the present controversy, involved the construction of a Federal statute (28 U.S.C. §1961, which provides for interest following a judgment) and Rule 37 of the Federal Rules of Appellate Procedure. Rule 37 provides that "[i]f a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest." This rule apparently gives Federal appellate courts considerable discretion in determining the date from which interest accrues, which discretion is not expressly authorized in the Illinois statute. In addition, *Perkins* involved the reduction of a single item of damages by the court of appeals, and not the reversal and remandment of a money judgment to the trial court to settle the issue of damages.

We note that not all Federal courts have arrived at the· same conclusion as reached in *Perkins*. In *Harris v. Chicago Great Western Ry. Co.*, 197 F.2d 829 (7th Cir. 1952), which incidentally, *Perkins* chose not to follow, the seventh circuit reduced a district court's award of attorney's fees and allowed interest from the date of the revised judgment. The court held:

"[N]either the amount due for fees nor the due date of the obligation was authoritatively defined until our decision. There will be a final valid judgment only when a new one shall have been entered in conformity with our mandate." 197 F.2d 829, 836.

*Mascuilli v. United States*, 383 F. Supp. 50 (E.D. Pa. 1974), *aff'd*, 519 F.2d 1398 (3d Cir. 1975), a case relied on by plaintiff, highlights the difficulty in determining when interest accrues on a judgment. The plaintiff brought suit under the Public Vessels Act (46 U.S.C. §781 *et seq.*) after her husband was killed aboard defendant's ship. The trial court found defendant liable in a pretrial order and subsequently awarded plaintiff $124,000 in damages. The United States Court of Appeals, in vacating the decree, reversed and remanded solely on the grounds that it was error to decide the issue of liability in a pretrial order. Upon remand, the trial court held that the United States was not liable, but concluded

that, had it found for plaintiff, the damages would have been $60,438.20. After the third circuit affirmed the decision as to liability, but did not decide the issue of damages, the Supreme Court reversed and remanded the case to the district court. In the district court, judgment was entered for plaintiff in June of 1968 in the amount of $60,438.20. On appeal the Third Circuit held that the district court had incorrectly applied Pennsylvania's wrongful death act and remanded the case for reconsideration of damages. In March of 1972, the district court awarded plaintiff $111,720. On appeal once again, the court reversed and remanded the case for the computation of loss of earnings using actual and not estimated figures. Thereafter in March of 1974, plaintiff was awarded $132,665.

The court awarded interest on the judgment from June of 1968, stating that on this date the issue of liability between the parties was settled and that plaintiff then became entitled to recover from defendant. It added that it would be inequitable for the delay in recovery to work to plaintiff's detriment as defendant, whose wrongful conduct invoked the judicial process, had the money during the pendency of these appeals.

On first glance, the *Mascuilli* case presents powerful support for plaintiff's position that he is entitled to recover interest from the date of the initial judgment. But, in *Mascuilli*, the trial court had by statute (see section 782 of the Public Vessels Act (46 U.S.C. §782) and section 743 of the Admiralty Act (46 U.S.C. §743)) the discretion whether to award interest on a judgment against the United States. In addition, the district court had found that as of June of 1968 plaintiff was entitled to recover from the United States. But having the right to recover against a party is of little significance until the extent, if any, of the obligation is established, In the present case, defendant's liability, though theoretically established in our first opinion, was meaningless until the trial court determined the issue of plaintiff's contributory negligence.

Plaintiff brings to our attention numerous other court decisions which neither apply to nor control the present situation. Our detailed discussion of some of the important decisions in this area makes it unnecessary to comment upon these other opinions.

■■ Lastly, we note that plaintiff argues that the concluding language of our supplemental opinion and the language in the body of our mandate made no reference to a reversal and consequently reflected our intent to remand the matter for the modification of a valid judgment. Plaintiff conveniently ignores that the closing language in our initial opinion is "[r]eversed and remanded with directions," and that the title of our mandate is "REVERSED ORDER." In addition even if the closing language in our opinions did not specifically indicate a reversal, we believe it was necessary to look beyond the conclusory language of a

mandate or opinion to see what was in fact ordered to be done. See *Kneeland v. American Loan & Trust Co.*, 138 U.S. 509, 34 L. Ed. 1052, 11 S. Ct. 426 (1891).

For the reasons stated in this opinion, we hold that plaintiff is entitled to interest from the date of the February 22, 1978, judgment. Accordingly, the judgment of the Circuit Court of St. Clair County is reversed.

Reversed.

JONES and KUNCE, JJ., concur.