DANNY POE, SR., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(Edmier, Inc., Appellee).

Second District (Industrial Commission Division)   No. 2—91—0172WC

Opinion filed June 11, 1992.—Rehearing denied July 27, 1992.

Francis M. Discipio and Ralph W. Miller, Jr., both of Law Office of Francis M. Discipio, of Chicago, for appellant.

Ruth E. Stelzman, of Catena & Stelzman, of Chicago, for appellee.

JUSTICE HENRY LEWIS delivered the opinion of the court:

The claimant, Danny Poe, Sr., appeals from the judgment of the circuit court entered in his favor against his employer, Edmier, Inc., in the amount of $2,857.30 for interest, pursuant to section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303). The interest was awarded, at the rate of 9%, for the period of time extending from June 17, 1988, the date of the decision upon remand of the Illinois Industrial Commission (hereafter referred to as the Commission), through February 1, 1989, the date on which the employer paid the amount awarded to the claimant by the Commission. On appeal the claimant seeks interest for a period of time prior to June 17, 1988, interest for the period of time after February 1, 1989, and an award for attorney fees and costs, denied by the circuit court.

Following a hearing, in a decision entered on March 27, 1982, the arbitrator denied Danny Poe's claim for compensation for accidental injury occurring on November 3, 1980, concluding that he failed to

prove he had sustained any disability for which compensation is payable pursuant to the Workers' Compensation Act (hereafter referred to as the Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). Upon review, in a decision dated March 3, 1986, the Commission found that

> "a causal relationship exists between [claimant's] condition of ill-being and his injuries and that he was temporarily totally disabled from December 9, 1982, the date he entered Holy Cross Hospital for surgery, to June 10, 1983, the date he returned to work. The Commission further finds [claimant] is entitled to $9,293.90 for reasonable and necessary medical expenses and that based on the above, including the findings of Dr. Pahwa, [claimant] is permanently disabled to the extent of 25% under §8(d)2 of the Act."

The Commission found at that time that the claimant had been temporarily totally disabled for a period of 26 1/7 weeks and awarded benefits accordingly.

On further review, in an order entered on January 24, 1986, the circuit court reversed the decision of the Commission and remanded the cause to it "with instructions to the Commission that all aspects of the issue of causal connection be specifically determined."

Upon remand, in a decision dated June 17, 1988, the Commission, pursuant to the instructions of the circuit court, reviewed "the administrative record and the dispositive issue on Remand which is whether there is a causal relationship between the accidental injuries of November 3, 1980[,] and [claimant's] low back condition of ill-being." The Commission found that such a causal relationship exists, stating in part:

> "Having complied with the Circuit Court's instructions to make a specific determination on all aspects of the issue of causal connection, and having found a causal connection exists[,] the Commission finds that it has no reason to change its earlier decision of March 3, 1986, and concludes as it did earlier that [claimant] was temporarily totally disabled for a period of 26-1/7 weeks, is permanently disabled to the extent of 25% under §8(d)2 of the Workers' Compensation Act, and is entitled to $9,293.90 for reasonable and necessary medical expenses."

Upon further review, in a judgment entered on January 19, 1989, the circuit court confirmed the decision of the Commission. No further appeals were taken on the merits of the decision.

Thereafter, on May 1, 1989, the claimant filed a petition for entry of judgment on the "final award" of the Commission, seeking interest, costs, and attorney fees, as provided in section 19(g) of the Act

(Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)) and in section 2—1303 of the Code of Civil Procedure. In the petition the claimant alleged, and it is undisputed, that on or about February 1, 1989, the employer's insurer issued its check in the amount of $50,634.55, which did not include any amount for interest. The claimant alleged that he had accepted the check in partial payment of the amount due him. He alleged that interest was due him on the amount of $50,634.55 for the period extending from March 30, 1986, to February 2, 1989; the amount of that interest was, he said, $13,296.77. Of the $50,634.55, the claimant alleged he had applied $13,296.77 to interest, $9,293.90 to benefits for medical expenses, and $28,043.04 to compensation for permanent partial disability, leaving $13,296.77 due to be paid for, $5,608.21 in compensation for permanent partial disability and $7,698.40 in compensation for temporary total disability. Claimant sought interest of $232.79 on that amount from February 2, 1989, to April 14, 1989, "and continuing," as well as attorney fees and costs of $11,126.44 to February 2, 1989, "and continuing." In an order entered on August 10, 1990, the circuit court denied interest on the award.

Thereafter, the claimant filed a petition for rehearing. The claimant took the position that section 19(n) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(n)) is inapplicable to the instant cause because the arbitrator had made no award. For that reason, he urged, section 2—1303 of the Code of Civil Procedure applies. At a hearing on that petition conducted on December 4, 1990, the employer agreed that section 19(n) had no application to this cause of action. The trial court concluded that section 2—1303 applies "from after remand and the Industrial Commission made its final determination which this Court affirmed."

At a hearing on January 7, 1991, upon the claimant's motion to reconsider, the employer stated that it had paid the full amount of the award for temporary total disability, permanent partial disability, and medical expenses but had paid no interest because there has been a "dispute throughout" as to whether it owed any interest at all and, if so, in what amount. The circuit court noted that "this was not a case where there was a willful refusal to pay or case where there was not a substantial legal question involved as to the entitlement question." In an order entered on that same day, the circuit court found that the claimant is entitled to recover interest at the rate of 9% per annum, pursuant to section 2—1303, from June 17, 1988, the date of the Commission's decision upon remand, through February 1, 1989, the date on which payment was made by the employer. Denying the claim for

attorney fees, the circuit court entered judgment for interest in the amount of $2,857.30 in favor of the claimant and against the employer. The employer tendered payment of the amount of that judgment 10 days later on January 17, 1991. From this judgment the claimant appeals.

The claimant raises three issues on appeal: (1) whether interest ought to have been awarded from the date of the initial decision of the Commission on March 3, 1986, rather than the date of the Commission's decision upon remand on June 17, 1988; (2) whether interest should be awarded for the period after February 1, 1989, in light of the employer's tender of the amount awarded by the Commission absent accrued interest; and (3) whether attorney fees and costs should have been awarded pursuant to section 19(g) of the Act. We have not been asked to review either the applicability of section 2—1303 of the Code of Civil Procedure or the inapplicability of section 19(n) of the Act to the instant cause.

■ With respect to the first issue presented, the claimant relies in part upon *Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, 276 N.E.2d 342. Section 2—1303 provides in relevant part as follows:

"Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303.)

In *Proctor* the supreme court stated:

"Clearly under section 3 [predecessor of section 2—1303] a judgment based on an award of the Industrial Commission is to include the interest from the date of the award to the time of rendering of the judgment. (*McMurray v. Peabody Coal Co.* [(1917)], 281 Ill. 218, 118 N.E. 29.) The interest accrues from the date of the award, notwithstanding that at an intermediate level of review the award was overturned and on further re-

view reinstated." (*Proctor*, 50 Ill. 2d at 9-10, 276 N.E.2d at 343.)

The employer distinguishes *Proctor* from the instant case, pointing out that the instant one was reversed and remanded to the Commission by the circuit court, whereas in *Proctor* the Commission's award was set aside by the circuit court and reinstated by the supreme court.

Although the employer does not cite the cases of *Thatch v. Missouri Pacific R.R. Co.* (1979), 69 Ill. App. 3d 48, 386 N.E.2d 1180, *Rosenbaum v. Rosenbaum* (1981), 94 Ill. App. 3d 352, 418 N.E.2d 939, or *Owens v. Stokoe* (1988), 170 Ill. App. 3d 179, 524 N.E.2d 755, we find the reasoning expressed in them helpful.

In *Thatch*, in an action brought under the Federal Employers' Liability Act (45 U.S.C. §51 *et seq.* (1988)), after the jury had returned a verdict in favor of the plaintiff in the amount of $249,200, upon which verdict judgment was entered on June 7, 1974, the reviewing court had held in a prior appeal (*Thatch v. Missouri Pacific R.R. Co.* (1977), 47 Ill. App. 3d 980, 362 N.E.2d 1064) that the issue of the plaintiff's contributory negligence was for the jury to decide and remanded the cause for a new trial limited to determining the amount by which damages should be reduced considering the evidence of the plaintiff's contributory negligence. The reviewing court in the prior appeal directed the trial court to enter judgment for plaintiff on the issue of liability. Upon a new trial the jury returned a verdict in favor of the plaintiff in the amount of $236,740, upon which verdict judgment was entered on February 22, 1978. The issue in the subsequent appeal was whether the interest on the new award should be computed from the date of the original judgment on June 7, 1974, or the date of the new judgment on February 22, 1978. Noting that "[t]he problem of determining when interest accrues on a judgment in a case which encompasses numerous appeals has plagued the courts for many years" (*Thatch*, 69 Ill. App. 3d at 51, 386 N.E.2d at 1181), the court observed that the solution to the problem cannot be found in the applicable statutory language, adding:

> "While there is no difficulty determining the date from which interest runs on a judgment that has been affirmed in an appellate court or has not been appealed, the problem arises in delineating the specific date of a judgment for purposes of the statute when the judgment has been partially or totally set aside and modified on appeal, or remanded for further proceedings which result in the entry of a new or modified judgment." (*Thatch*, 69 Ill. App. 3d at 51-52, 386 N.E.2d at 1182.)

In arriving at a specific date from which to measure the accrual of interest, the court scrutinized the events leading up to that appeal:

"While we directed the trial court to enter judgment for plaintiff on the issue of liability, it is clear that, upon remand, plaintiff could have lost as a result of his contributory negligence, most, if not virtually all, of the previously awarded damages. Having therefore ordered a new trial on a substantial and critical element of the damage issue, we could not conceivably remand for a new trial without reversing or setting aside the original money judgment. As set aside, the judgment ceased to be a viable one and could no longer be the basis for awarding statutory interest pursuant to section 3 [predecessor of section 2—1303]." (*Thatch*, 69 Ill. App. 3d at 52, 386 N.E.2d at 1182.)

The court noted certain policy considerations supporting its conclusion:

"Had we adopted plaintiff's position that he was entitled to interest from the date of the initial judgment, it is not clear how defendant could have tendered full payment of the judgment, interest and costs to stop the further accrual of interest following this court's prior decision. (See *e.g., Presbyterian Distribution Service v. Chicago National Bank*, 36 Ill. App. 2d 1, 183 N.E.2d 525 (1st Dist. 1962).) The exact amount of damages was not known until the trial court submitted the issue of contributory negligence to the jury. It would therefore be inequitable to compel defendant to pay additional interest when by the terms of the statute defendant could not have prevented such further accumulation. Plaintiff is correct in noting that defendant could have tendered the full amount of the first judgment; but, in light of this court's initial decision, it would be unwise for defendant to tender payment to plaintiff knowing that such payment would probably be in excess of the final award; that plaintiff would therefore have the use of money rightfully belonging to defendant; and that defendant would then have to collect the excess payment from plaintiff." (*Thatch*, 69 Ill. App. 3d at 52, 386 N.E.2d at 1182.)

The court expressed the belief that the defendant should not be held responsible for a judgment and its accrued interest until the extent of liability is settled:

"At the time of our initial decision directing the trial court to enter judgment in favor of plaintiff on the issue of liability, it was not yet established whether plaintiff was contributorily negligent. As this element was critical to the respective rights

of the parties, we believe it is improvident to penalize defendant when it could not have known the extent of its obligation." *Thatch*, 69 Ill. App. 3d at 53, 386 N.E.2d at 1182.

In *Rosenbaum* a portion of the original judgment was reversed, and a new judgment was entered on remand following recalculation of partition proceeds. The appellant contended that since a judgment had been entered on September 6, 1977, directing her to pay one-half of the appellee's counsel's legal fees and because the appellate court reversed that order and directed that she be repaid, the interest on the sum to which she was entitled should accrue on September 6, 1977, the date of the original judgment, rather than on December 26, 1979, when the trial court directed repayment of her recalculated share of partition proceeds. The court stated that in such cases, where the exact amount owed is not calculated until the disposition of the case following remand, interest on the judgment runs from the date of the new decree. "The rationale underlying this rule," the court said citing *Thatch*, "is that the judgment debtor cannot tender the amount of the judgment, thereby halting the accrual of interest, until the amount owed is determined upon remandment." *Rosenbaum*, 94 Ill. App. 3d at 356-57, 418 N.E.2d at 943.

In *Owens*, relying upon the reasoning of both *Rosenbaum* and *Thatch*, the court concluded that the event triggering the accrual of interest under section 2—1303 is not the setting of a definite amount of damages "by itself, but the setting of a definite amount so that the judgment debtor has a reasonable opportunity to avoid accruing interest" (*Owens*, 170 Ill. App. 3d at 183, 524 N.E.2d at 757).

In the instant case, upon review of the Commission's initial decision, the circuit court reversed the decision and remanded the cause with instructions to the Commission that all aspects of the issue of causal connection be specifically determined. The issue of causal connection is a substantial one, critical to success in proving a claim brought under the Act and, thus, critical to the respective rights of the parties. Upon remand the exact amount of the employer's liability, if any, could not have been known until the Commission's subsequent decision had been rendered. In view of the nature of the issue to be considered upon remand, it would have been unwise for the employer to have tendered payment to the claimant knowing that the Commission might, upon remand, deny the claim altogether as the arbitrator had done. Upon such an eventuality, the employer would have had to collect the excess payment from the claimant, and the claimant would have had the use of money rightfully belonging to the employer. Until the Commission's decision upon remand was rendered, the extent of

the employer's liability and obligation was not settled. In short, while the cause was pending upon remand, a definite amount had not been set so that the employer had a reasonable opportunity to avoid accruing interest. Therefore, the circuit court properly denied the claimant an award of interest for the period of time from March 3, 1986, the date of the Commission's original award, to June 17, 1988, the date of the Commission's decision upon remand.

Concerning the second issue presented, the claimant stated that the circuit court

> "apparently treated the amount paid by Appellee Edmier, Inc.[,] on February 1, 1989[,] as applicable only to the amounts awarded, and applied none of the payment to the interest he found to be due, and, accordingly, denied any claim for further interest on the basis that the award had been satisfied by the payment."

Claimant relies upon *Aper v. National Union Electric Corp.* (1988), 177 Ill. App. 3d 118, 533 N.E.2d 398, which held applicable to a workers' compensation award the general rule and principle of law that when a party accepts partial payment of the judgment and the amount is insufficient to satisfy the full amount of the judgment plus any costs or interest then due, the party is entitled to apply the amount to the interest due as of that date with any balance then credited to reduce the amount of judgment principal. In *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 90, 513 N.E.2d 1045, 1047, it was stated:

> "As a general rule, a tender must include everything to which the creditor is entitled, and a tender of any less sum is nugatory and ineffective as a tender. [Citation.] It must include interest due and costs then due as accrued. [Citation.] Thus, if the employee was entitled to interest and the employer failed to tender it, the circuit court properly entered judgment under section 19(g)."

As was said in *Aper*, to the extent that the debtor does not satisfy the underlying judgment prior to an appeal, he is liable for the continuing accrual of interest in the event he is unsuccessful on appeal.

The employer relies in part upon the correlative of the rule expressed in *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240, that an insufficient tender without a *bona fide* dispute as to the amount owed may be treated as no tender at all. The employer asserts that in the instant case a *bona fide* dispute existed as to the amount owed, that is, whether any interest was due. The employer takes the position that the amount tendered was all to

which the claimant was entitled at the time of tender and that tender was, therefore, sufficient and effective. In this regard, the employer asserted in part in its response to the claimant's petition for rehearing that the decision of the Commission was not a final decision and that the decision of the circuit court entered on January 19, 1989, did not become final until February 18, 1989, when no appeal was filed. The employer paid the entire amount of the Commission's award on February 1, 1989. The employer argued further:

> "Plaintiff takes the position that he is entitled to interest pursuant to Section 2—1303 of the Civil Practice Act. The Civil Practice Act is very clear that it awards interest on judgments. When this section of the Civil Practice Act is read in conjunction with Section 19(g) of the Illinois Workers' Compensation Act, it is clear that a judgment cannot be entered in a Workmen's Compensation case until the award or Decision becomes final. Thus, even if the Civil Practice Act applies, no Judgment Order has ever been entered in this case. Thus, the provisions of the Civil Practice Act cannot apply."

While there may be merit to the employer's assertion that there was a legitimate dispute over the date upon which interest began to accrue, the employer's further assertion that there was a *bona fide* dispute as to whether *any* interest was due is without merit. The basic right to interest on a Commission award under the Civil Practice Act has been settled law for two decades. (See *Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, 276 N.E.2d 342.) Irrespective of whether claimant had any entitlement to interest prior to the second Commission decision following remand, interest was due following the second Commission decision which was subsequently confirmed by the circuit court prior to respondent's tender. Respondent's claim to a legitimate dispute is further undermined by the fact that when respondent tendered the interest awarded by the trial court following entry of judgment on claimant's section 19(g) petition, it again failed to include any interest on that judgment. Under the principles set forth in *Aper*, interest continues to accrue to claimant because, to date, respondent has never paid the full amount of the judgment including interest.

Since the original tender was insufficient and there was no *bona fide* dispute over whether some interest was due, applying *Aper*, a balance of $2,857.30 of principal would remain unpaid as of February 1, 1989, after interest due to that date was deducted and the remainder of the tender credited against the original judgment principal. Claimant was then due interest at the rate of 9% on $2,857.30 from

February 1, 1989, through January 17, 1991, the date the employer made another partial tender. As of January 17, 1991, the amount of interest which had accrued was $503.36 at the statutory rate. Again, applying *Aper*, claimant was again entitled to reduce the outstanding debt by first applying the amount tendered toward the interest due and the remainder against principal leaving an unpaid balance of $503.36 as of January 17, 1991, which continues to accrue interest at 9% until paid in full.

With regard to the third and final issue presented for review, the claimant contends that costs and attorney fees throughout these entire proceedings, including arbitration, ought to have been awarded to him because section 19(g) of the Act provides that reasonable costs and attorney fees be taxed as costs when an employer has refused to pay the amount of an award. In *Wirth v. Industrial Comm'n* (1976), 63 Ill. 2d 237, 347 N.E.2d 136, tender was made of the full amount of the award within 60 days of the issuance of the supreme court's mandate remanding the cause for entry of a judgment based on the arbitrator's award. The claimant sought attorney fees pursuant to section 19(g) of the Act. Holding that the circuit court did not err in denying such fees, the supreme court stated that its examination of the record in *Wirth* led it to conclude that the delay resulted from the dispute concerning the employer's liability for interest and not from a refusal to pay compensation within the contemplation of section 19(g) of the Act. Similarly, in the instant case, as the circuit court indicated and the employer argues on appeal, the delay resulted from the dispute concerning the employer's liability for interest and not from a refusal to pay compensation within the contemplation of section 19(g). In less than two weeks following the entry of the circuit court's judgment confirming the decision of the Commission, the employer tendered the amount awarded by the Commission. The circuit court did not err in denying claimant costs and attorney fees pursuant to that section of the Act.

The judgment of the circuit court is affirmed as modified by the award of interest for the period beginning February 1, 1989, as set forth above.

Affirmed as modified.

McCULLOUGH, P.J., and WOODWARD, STOUDER, and RAKOWSKI, JJ., concur.