(No. 40187.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
EUGENE CARMODY, Appellee.

*Opinion filed March 29, 1967.*

154

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, A. ZOLA GROVES, JOHN T. JARECKI, JOSEPH O. RUBINELLI, Assistant Attorneys General, of counsel,) for appellant.

ROBERT H. MEHRHOFF, of Carrollton, for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This is a direct appeal by the State of Illinois from an order of the circuit court of Greene County striking a rule to show cause why interest on an inheritance tax obligation to the State should not be paid. This appeal poses the question of the right of a court to excuse the payment of such interest, and directly involves the revenue.

Eugene Carmody is the executor of the estate of Frank M. Shallue, who died a resident of Greene County on November 13, 1963. An Illinois inheritance tax return was filed with the clerk of the circuit court of Greene County on February 15, 1965, and an order was entered assessing the Illinois inheritance tax on March 25, 1965, in the sum of $11,858.08. The Illinois inheritance tax was paid on May 18, 1965, to the Greene County treasurer, one year six months and five days after the death of the decedent, Frank Shallue.

Thereafter a summons was issued pursuant to section 15 of the Inheritance Tax Act, (Ill. Rev. Stat. 1965, chap. 120, par. 389,) to Carmody directing him to appear and show cause why the interest on the inheritance tax in the sum of $1,256.37 has not been paid.

Carmody moved to dismiss the proceeding on the ground that the Attorney General should have proceeded under section 16 of the Inheritance Tax Act rather than section 15. This motion was properly denied, since it is clear sections 15 and 16 provide alternative rather than exclusive remedies. Carmody then presented evidence of his diligence as executor in obtaining funds for the payment of the tax. Such testimony was admitted over the objection of the State.

The trial court then entered an order stating that Carmody, individually and as executor, "has shown good cause why the interest on the Illinois inheritance tax in this estate has not been paid, and that neither he nor said estate, or heirs of said estate are responsible to the State of Illinois for any interest because of a five day delay in payment of said tax."

On this appeal the State contends that a court has no power to waive interest for a late payment of an inheritance tax. Carmody disputes this basic contention of the State and also insists that the trial court had no jurisdiction over his person or the subject matter, that he adequately showed cause why he should not be held in contempt, and that the interest in this case became a penalty.

At the outset we feel that the trial court clearly had jurisdiction of the subject matter and over the person of the defendant as an individual by virtue of the summons served upon him pursuant to section 15, which provides: "If it shall appear to the circuit court that any tax accruing under this Act has not been paid according to law, it shall issue a summons summoning the persons interested in the property liable to the tax to appear before the court on a

day certain, not more than 3 months after the date of such summons, to show cause why said tax should not be paid. The process, practice and pleadings, and the hearing and determination thereof, and the judgment in said court in such cases shall be the same as those now provided, or which may hereafter be provided in probate cases in the circuit courts in this State, and the fees and costs in such cases shall be the same as in probate cases in the circuit courts of this State."

The circuit court had jurisdiction to assess the tax and to enforce its collection. Despite Carmody's contention that the court lost jurisdiction when the tax was paid, such jurisdiction must obviously be broad enough to enforce the payment of statutory interest. Carmody as an heir, legatee and devisee of the estate was a person interested in the property to be taxed and was properly before the court by personal service of summons. The failure to serve him as executor does not vitiate the power of the court under section 15.

The contention of Carmody that he has shown cause why he should not be held in contempt of court has no bearing on this case. It does not appear from the record that a contempt citation was involved in any way. The summons in accordance with the statute merely required Carmody to show cause why interest was not paid. The present proceeding was properly invoked to determine if interest on the tax was due and should be paid. We therefore turn to the substantive question of whether the trial court could properly waive interest on the tax.

There is no question but that an inheritance tax was properly assessed in the amount of $11,858.08, and that said tax was not paid until eighteen months and five days after the death of the testator.

Section 3 of the Illinois Inheritance Tax Act provides that inheritance taxes shall be due and payable at the date of death, "and interest at the rate of 7 per cent per annum

shall be charged and collected thereon for such time as said taxes are not paid." (Ill. Rev. Stat. 1965, chap. 120, par. 377.) The same section then provides that if the tax is paid within eighteen months of the date of death, "interest shall not be charged or collected thereon."

A reading of the statute before us permits only the conclusion that the legislature intended the provisions for the collection of interest to be mandatory. It establishes the manner in which interest shall be charged and collected and specifically provides for the single instance in which such sum shall not be charged or collected. We do not believe that the legislature intended to provide any discretion in the trial court to determine if interest due under the statute should be paid. *People ex rel. Ward* v. *Salter,* 28 Ill.2d 612; *Clark* v. *Patterson,* 214 Ill. 533.

The precise issue was presented in *People* v. *Baldwin,* 287 Ill. 87, where the trial court remitted interest on an inheritance tax obligation. On appeal the court said at pp. 91-92: "The statute is positive that interest must be paid unless paid within the first six months. It is self-executing, and an inheritance tax, after it is assessed, draws six percentum interest, as aforesaid, by reason of the provisions of the statute, just the same as will a judgment for money rendered by any court of record. This would be so whether the county court made any provision in its order with reference to the paying of interest or failed in its order to make such a provision. The statute nowhere gives the county court any power or right to remit any part of the interest provided by the statute. In the absence of such a provision giving the court a right to remit interest it has no power to do so, whether the statute be regarded as one imposing a penalty or otherwise. Under such positive provision of the statute, even where it is imposed by way of a penalty, the court cannot remit the same in the absence of authority given by the statute."

In our opinion the *Baldwin* case is controlling here. We

have considered the arguments of counsel urging us to overrule *Baldwin* but believe they have no merit. We need not determine whether or not some greater rate of interest or penalty could render the Act confiscatory. It is enough to say that the pattern of the present act providing for interest on the tax from the date of death and excusing the same if the tax is paid within eighteen months is reasonable and nonconfiscatory and does no violence to the constitutional rights of the taxpayer.

We therefore conclude that the trial court erred in holding that neither the executor, the estate, nor the heirs, are liable for statutory interest on the inheritance tax, and its order must be reversed and the cause remanded for further proceedings in accordance with the views expressed herein.

*Reversed and remanded, with directions.*