THE PEOPLE *ex rel.* KENNETH W. HOLLAND as successor to Barney J. Grabiec, Director of the Department of Labor, Plaintiff-Appellant, *v.* DAVID HALPRIN, d/b/a VAIL LAUNDRY, Defendant-Appellee.

(No. 60093;

First District (3rd Division)—June 19, 1975.

William J. Scott, Attorney General, of Chicago (Jerry Felsenthal, Assistant Attorney General, of counsel), for appellant.

Jerome Feldman, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, the People of the State of Illinois, for the use of Kenneth W. Holland as successor to Barney J. Grabiec, Director of the Department of

Labor, State of Illinois, brought action against the defendant, David Halprin, d/b/a Vail Laundry, to recover the unpaid balance and interest upon a 1961 judgment. Plaintiff claimed $1,890.46 due as of November 21, 1972, together with statutory interest after said date. Following a trial without a jury, the trial court entered judgment for plaintiff for $1,200. Plaintiff appeals.

On appeal plaintiff contends that the trial court was without authority to reduce the amount of recovery sought; that the judgment of the trial court, insofar as it appeared to exclude accrued statutory interest, was arbitrary; and that statutory interest is continuing to accrue on the unpaid balance of the 1961 judgment during the pendency of this appeal.

■■ Initially, it is to be observed that plaintiff has filed a motion for a pro forma reversal of the judgment on the ground that defendant has failed to file a brief in this court. At oral argument of this appeal plaintiff moved to withdraw the motion and requested a decision on the merits. Where an appellee fails to file a brief in compliance with Supreme Court Rule 341 (Ill. Rev. Stat. 1973, ch. 110A, par. 341), such inaction vests this court with discretion to either consider the case on the merits or order a pro forma reversal. (*People ex rel. Pullman Bank & Trust Co. v. Fitzgerald* (1973), 14 Ill.App.3d 247, 302 N.E.2d 429.) Plaintiff's motion to withdraw its motion for a pro forma reversal is granted, and we elect to reach the merits of the case. A brief statement of the pertinent facts follows.

On August 15, 1961, the plaintiff obtained a judgment against defendant for $2,530.76 in a suit for the collection of unpaid employer's contributions under the Illinois Unemployment Compensation Act. Between 1962 and 1968, defendant made 28 separate payments to plaintiff on the judgment aggregating $1,580. On October 11, 1972, plaintiff filed the instant complaint to recover $1,890.46 alleged to be due as the unpaid principal balance of the 1961 judgment and the accrued statutory interest through November 21, 1972. In the prayer for relief which concluded the complaint plaintiff requested a judgment for $1,890.46 plus statutory interest accruing after November 21, 1972, at a rate of $5.36 per month or 18¢ per day. The defendant answered by alleging that the unpaid employer's contributions embodied in the 1961 judgment obtained by plaintiff were satisfied by a 1961 Internal Revenue Service levy against defendant for unpaid 1958 and 1959 Federal Unemployment Taxes.

On November 14, 1973, a hearing on plaintiff's complaint was held, at which time plaintiff introduced into evidence certified copies of defendant's account with the Illinois Department of Labor, including a breakdown of payments defendant had made toward the 1961 judgment. The defendant did not challenge the accuracy of these statements but con-

tinued to assert the defense that the 1961 Internal Revenue Service levy had worked a satisfaction of plaintiff's 1961 judgment against defendant. The trial court implicitly rejected this defense by entering a judgment in favor of plaintiff. However, the record indicates that the trial court limited the plaintiff's recovery to $1,200 and costs, based upon what it considered the equities of the case. The plaintiff then prosecuted the instant appeal. At no time since the entry of the judgment appealed from has the defendant tendered to plaintiff either payment of the judgment, costs, or the statutory interest which has allegedly accrued from the date of the entry of the judgment.

■■ The plaintiff first contends that the trial court was without authority to limit or reduce in any manner the recovery of the unpaid balance of the 1961 judgment and the accrued statutory interest thereon. We agree. As of August 15, 1961, all claims against defendant for unpaid employer's contributions were merged into the judgment entered on that date. This judgment then became subject to the provisions of section 3 of "An Act * * * in relation to the rate of interest * * *" (Ill. Rev. Stat. 1961, ch. 74, par. 3), which provides:

> "Judgments recovered before any court or magistrate shall draw interest at the rate of 5% per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment; Provided, however, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment."

By amendment effective August 29, 1969, the statutory interest rate was raised to 6% per annum. (Ill. Rev. Stat. 1969, ch. 74, par. 3.) The language of the statute is positive and self-executing. The trial court is without authority or discretion to limit the interest which thereby accrues upon a judgment. In an analogous case (*People v. Carmody* (1967), 37 Ill.2d 153, 225 N.E.2d 627), the Illinois Supreme Court stated at page 157:

> "The precise issue was presented in *People v. Baldwin*, 287 Ill. 87, where the trial court remitted interest on an inheritance tax obligation. On appeal the court said at pp. 91-92: 'The statute is positive that interest must be paid unless paid within the first six months. It is self-executing, and an inheritance tax, after it is assessed, draws six percentum interest, as aforesaid, by reason of the provisions of the statute, just the same as will a judgment for

money rendered by any court of record. This would be so whether the county court made any provision in its order with reference to the paying of interest or failed in its order to make such a provision. The statute nowhere gives the county court any power or right to remit any part of the interest provided by the statute. In the absence of such a provision giving the court a right to remit interest it has no power to do so, whether the statute be regarded as one imposing a penalty or otherwise. Under such positive provision of the statute, even where it is imposed by way of a penalty, the court cannot remit the same in the absence of authority given by the statute.'"

In the instant case the trial court was without authority to limit the recovery which the plaintiff might obtain against the defendant, and in so doing the trial court erred.

■■ Inasmuch as we have concluded that the trial court was without authority to limit the potential recovery on the 1961 judgment, we need not pass upon the plaintiff's second contention that the judgment entered by the trial court was arbitrary. There remains the plaintiff's final contention that statutory interest has continued to accrue on the unpaid balance of the 1961 judgment during the pendency of this appeal. In order to stay the accrual of statutory interest upon a judgment during the prosecution of an appeal, a judgment debtor must tender payment of the judgment, costs, and the statutory interest accruing to the date of the tender. (Ill. Rev. Stat. 1973, ch. 74, par. 3.) Here, the defendant has made no such tender; therefore, statutory interest has continued to accrue on the unpaid balance of the 1961 judgment.

■■ The record, including the certified copies in evidence of the defendant's account with the Illinois Department of Labor, supports the recovery claimed in the prayer of plaintiff's complaint. Plaintiff is entitled to recover the amount of $1,890.46, plus interest at the rate of $5.36 per month, from November 21, 1972, to the date hereof, June 19, 1975, in the amount of $165.98, for a total of $2,056.44. Therefore, the trial court erred in entering judgment which limited the recovery to $1,200.

Accordingly, pursuant to our power under Supreme Court Rule 366 (a)(5) (Ill. Rev. Stat. 1973, ch. 110A, par. 366(a)(5)), the judgment of the trial court is reversed, and judgment is here entered as of June 19, 1975, for plaintiff and against defendant, in the amount of $2,056.44 and costs.

Reversed, with judgment.

DEMPSEY and McNAMARA, JJ., concur.