DAN THOMAS, Plaintiff-Appellant, v. MISSOURI-ILLINOIS RAILROAD COMPANY et al., Defendants-Appellees.

(No. 74-418;

Fifth District—June 26, 1975.

Rehearing denied July 31, 1975.

Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis (Rex Carr, of counsel), for appellant.

Walker & Williams, P. C., of Belleville (David B. Stutsman, of counsel), for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of St. Clair County determining interest due on a prior unsatisfied judgment. On January 17, 1974, judgment was entered against defendant-appellee for liability under the Federal Employer's Liability Act (45 U.S.C. § 51 et seq.) in the amount of $65,000. Sometime within 30 days of that time, counsel for defendant notified counsel for plaintiff by telephone that defendant was willing to pay the judgment. Plaintiff's counsel, however, informed defendant's counsel that plaintiff would not at that time accept payment because of plaintiff's intention to seek a new trial. On May 20, 1974, plaintiff's post-trial motion was denied and on May 23, plaintiff's counsel notified defendant's counsel that plaintiff was willing to accept payment. On May 31, 1974, defendant moved the trial court to determine the amount of interest due on the judgment. On September 11, 1974, the trial court held that no interest on the judgment was due plaintiff. Although the rationale of the order is not clear, reference is made to defendant's previous offer to pay and plaintiff's refusal thereof. Plaintiff has appealed from this order. On November 5, 1974, defendant paid $65,000 to plaintiff and on November 6, plaintiff filed in the circuit court a satisfaction of judgment for that amount, reserving the question of interest.

Section 3 of "An Act in relation to the rate of interest * * *" (Ill. Rev. Stat. 1973, ch. 74, par. 3) provides that a judgment creditor is entitled to interest on the judgment at the rate of 6% per annum from the date of judgment to the date of payment. The statute provides, however, that the judgment debtor may stop the accrual of interest; "however, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment." Plaintiff-appellant's position is that the offer to pay the judgment by

defendant's attorney, refused by plaintiff, was not "tender" within the meaning of the statute and did not act as a bar to the accrual of interest from that date. We note that no formal offers or refusals appear of record. The sole evidence the court had before it of the actions of the attorneys consisted of affidavits from each setting forth his recollection of the events.

Although we have found no cases directly on point, we are guided by the case of *Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill.2d 518, 202 N.E.2d 512 (1964). The court there found that the purpose of section 3 of the interest act was to allow a judgment creditor to appeal without forfeiting his right to the accrual of interest on the judgment during that time. The court found that the last sentence of section 3 provided both an avenue for the judgment creditor to appeal without forfeiting interest and a way for the judgment debtor to stop the accrual of interest. Although the instant question was not directly before the court in *Pinkstaff*, that opinion does indicate that "tender" in the statute is used in its traditional legal sense. The court found that a payment deposited with the clerk of the circuit court of less than the full judgment plus accumulated interest failed to meet tender requirements. Nor did the payment, as a "partial payment of the judgment," act to stop the accrual of interest on all but the balance. The court held that even though a large part of the judgment had been paid into the court, interest continued to accrue on the entire judgment since tender had not been made. We question seriously whether the deposit of even the full amount due would have constituted formal tender. Nowhere in the statutes does the authorization for this procedure appear.

■■ In the instant case, defendant does not contend that formal tender was ever made. And it appears from the record that the acts of defendant constituted much less than what was rejected by the court in *Pinkstaff*. We read section 3 to provide a simple and unmistakable process by which the judgment debtor may stop the accrual of interest on the judgment. The rationale appears obvious. If the judgment debtor retains the use of the money prior to satisfaction of judgment, the judgment creditor deserves interest as payment for that use. If on the other hand, the creditor can use the money, he has been "made whole" and cannot further penalize the debtor. Nothing less than full and formal tender can allow this process to work. At best, defendant's actions in the instant case constituted merely an offer to tender which, on the date made, could have had no effect on the use of the money by the parties.

Defendant contends that there was no requirement to make formal tender where plaintiff's actions indicated clearly that tender would be refused. Defendant here misconstrues the purpose behind section 3. It is

the action of the judgment debtor in making the tender, not whether it is accepted or rejected, which controls the accrual of interest. The accrual of interest is a phenomenon separate and distinct from the judgment. The independent act of the debtor must be performed to halt the accrual of interest, regardless of the acts of the creditor. Although, as we have noted, we have found no Illinois cases directly in point, our holding finds support in other areas. With the exception, perhaps, of California, the theory that the judgment is a debt owed by the judgment debtor to the judgment creditor on which interest is due regardless of the status of the case after judgment, is well recognized. As such, formal tender is necessary with any debt to stop the accrual of interest. 15 Williston on Contracts § 1814, n. 3, 4 (3d ed. 1972). See also *Stager v. Florida East Coast Ry. Co.*, 189 So.2d 192 (Fla.App. 1966).

Had tender properly been made, plaintiff could have accepted it without foregoing his right to seek vacation of the judgment or appeal, not with the intent of satisfying the judgment, but recognizing that the creditor now had the use of the money and therefore deserved no further interest. (Ill. Rev. Stat. 1973, ch. 74, par. 3; *Pinkstaff v. Pennsylvania R.R. Co.*) But the record indicates that defendant, in his offer, asked for satisfaction. As such it was no more than an offer to compromise the judgment and not tender as envisioned by the statute.

■■ It is not clear from the briefs and argument in this case whether plaintiff requests interest to November 5, 1974, or seeks interest to date. The *Pinkstaff* discussion about the effect of "partial payment" seems to indicate that interest accrues until the full amount of judgment, interest, and costs is tendered. In light of plaintiff's satisfaction of the judgment and acceptance of the money due him, reserving only the question of interest, we believe that interest ceased to accrue on November 5, 1974. We hold that plaintiff is entitled to interest on the judgment from January 17, 1974 to November 5, 1974.

The order of the Circuit Court of St. Clair County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

G. MORAN and EBERSPACHER, JJ., concur.