ILLINI FS, INC., Plaintiff-Appellant, v. HAROLD MYERSCOUGH, Defendant-Appellee.

Fourth District   No. 4—85—0154

Opinion filed October 22, 1985.

Francis J. Davis, of Maloney & Davis, of Urbana, for appellant.

John D. Dodson, of Dodson & Mann Law Offices, of Champaign, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff sued defendant for an arrearage on an open account and recovered a money judgment in the amount of $4,244.05 on January 18, 1983. On February 4, 1983, defendant entered into a stipulation approved by the trial court in which he consented to the entry of judgment against him in that amount together with costs and interest. Defendant further obligated himself to make monthly installment payments in agreed amounts to the plaintiff until the judgment was paid in full.

On October 30, 1984, a hearing was held at which defendant tendered to plaintiff a final installment of $300, which defendant contended was a sum sufficient to satisfy the judgment costs and interest. Plaintiff objected arguing that a sum in the amount of $490.36 remained due and owing.

The controversy arose over the method of calculating interest on the judgment. Defendant maintained that interest accrued on the declining balance of the judgment as payments were made while plaintiff contended that interest should be calculated on the entire amount of the judgment until paid in full. After taking the cause under advisement, the trial court ruled in defendant's favor, concluding that interest should only accrue upon the judgment principal which remained unpaid after each of defendant's periodic installment payments. Plaintiff appeals.

The parties agree that this decision is controlled by the interpre-

tation of section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1303), which governs the award of interest on judgments. The parties have further stipulated in the trial court that if the declining balance method is the proper formulation, defendant has satisfied the judgment previously awarded.

Section 2—1303 provided in pertinent part:

> "Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1303.)

Plaintiff argues that under the statute interest continues to accrue on the entire amount of the judgment until defendant tenders a sum sufficient to cover the full amount of the judgment, costs and accrued interest to the date of tender. Installment payments simply do not affect the calculation of interest. Plaintiff reasons that had the legislature intended the judgment to draw interest on the declining balance from the date of judgment until satisfied it would have so provided in the statute.

Defendant counters that the situation in which the judgment debtor makes installment payments which the judgment creditor accepts and applies toward the indebtedness must be distinguished from the case in which a judgment debtor makes an insufficient tender by which he intends to satisfy the judgment which the judgment creditor refuses to accept in full payment of the debt.

The parties candidly agree that there does not appear to be an Illinois case on point, and our research has not revealed any cases which precisely address this question. Nevertheless upon careful examination of the authority presented, we believe on the facts of this case that defendant's argument must be sustained.

There is scant authority in Illinois on the question of whether a partial payment toward satisfaction of a judgment which is accepted by the judgment creditor stops the further accrual of interest on all but that portion of the unpaid principal remaining after the partial payment is applied toward the judgment debt. To the extent that several cases appear to conclude that partial payment may not suspend

the accrual of interest on the entire balance of the judgment we find them factually distinguishable, inapposite or statements contained therein *dicta* in light of the judgment actually rendered by the court. It is therefore necessary to examine each case in some detail.

In *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 202 N.E.2d 512, the issue was whether under the Interest Act (Ill. Rev. Stat. 1963, ch. 74, par. 3) an appealing judgment creditor was entitled to interest on the judgment which he appealed during the period of his appeal. Pinkstaff won a judgment on a jury verdict against the railroad but, dissatisfied with the amount, took a sequence of unsuccessful appeals terminating in the denial of *certiorari* by the United States Supreme Court. After the United States Supreme Court denied *certiorari*, defendant placed with the clerk of the circuit court a sum which included interest only from the date of the Supreme Court's denial of *certiorari* rather than from the date of the trial court's judgment. In addition, at the time defendant made the deposit in the clerk's office his accompanying petition stated that payment was made "in full satisfaction of the judgment, interest and costs," and requested the court to "spread the satisfaction of record."

The supreme court held that the effect of the 1955 proviso added to the Interest Act permitting a judgment debtor to stop the further accrual of interest by tender of payment of the judgment, costs and interest accruing to the date of tender reflected a legislative intent that a judgment creditor should be entitled to interest upon his judgment from the date of judgment even though by appeal he sought to correct errors therein. The final question was: Since the payment made by the defendant was obviously insufficient to satisfy the judgment because of the interest calculation discrepancy, what effect was it to be given?

Defendant there argued that the payment should be construed as a partial payment of the judgment and that subsequent interest should accrue only upon the balance of the principal thereafter remaining unpaid. The supreme court, however, rejected this argument, stating that because of the conditions attached by the defendant to the payment, the court could not treat a deposit expressly tendered in full satisfaction of all liability as a partial payment of such liability.

*Pinkstaff* is distinguishable because the supreme court did not expressly rule upon or reject the question before this court. Instead, the court merely reiterated the general rule that a sum tendered on condition that acceptance be a complete accord and satisfaction will not stop the accrual of interest because the tender is not made unconditionally. *Taylor v. Scott, Foresman & Co.* (1913), 178 Ill. App. 487;

*Steward v. Yoder* (1980), 86 Ill. App. 3d 223, 408 N.E.2d 55.

A second supreme court case which touches obliquely on this matter is the decision in *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.* (1959), 17 Ill. 2d 242, 161 N.E.2d 101. *River Valley* examined the extent and duration of an insurance company's liability for interest on a judgment against its insured. The insured obtained a $175,000 personal injury judgment against River Valley. Hawkeye-Security had insured the Cartage Company to the extent of $50,000. The administrator of the subsequently deceased plaintiff refused a tender of $50,000 and commenced supplemental garnishment proceedings against the insurance company resulting in a judgment for $68,350.57. This judgment included the amount for which the insurer was liable on the face of the policy together with interest on the entire judgment of $175,000 from the date of its entry to the date of judgment in the garnishment proceeding. On the date of the judgment in the garnishment proceeding the insurance company paid $50,000 to the administrator under a stipulation that the judgment would thereby be reduced to $18,367.50, but that the payment would not affect the rights and liabilities of the parties.

On appeal to the appellate court, the insurer argued that it was liable for interest only on the sum of $50,000 and that interest stopped accruing upon the date when the original tender of $50,000 was refused. The appellate court rejected the first but accepted the second contention, and the administrator appealed to the supreme court.

At issue was an interpretation of a clause in the insurer's policy by which it obligated itself to pay all costs taxed against the insured in any suit and all interest accruing after entry of judgment until the company had paid, tendered or deposited in court such part of the judgment as did not exceed the limit of the company's liability. The administrator argued, and the supreme court agreed, that the original tender did not stop the running of interest. In the supreme court the administrator contended that the insurer continued to be liable for interest on the sum of $175,000 until the date when $50,000 was paid and that the insurer continued to be liable for interest on the remainder of the judgment; namely, $125,000.

Upon examination of the insurance policy, the court held that the clause created liability for interest on the entire judgment, not simply on that part of the judgment for which the insurer was responsible because of the policy limits. The second issue was the duration of that liability.

Under the terms of the policy, the insurer was liable for interest

until the company paid, tendered or deposited in court such part of the judgment as did not exceed the limit of the company's liability. Since the insurer conceded that it was liable for some interest and costs at the time of the initial tender, it was clear to the supreme court that the tender of the mere face value of the policy was not valid, because it did not include an amount to cover the costs and interest already accrued. As such, the tender was not sufficient to discharge the contractual obligation of the insurer and did not operate to terminate the insurer's continuing obligation for interest on the entire $175,000 judgment.

The footnote to this holding cited the then-applicable interest statute (Ill. Rev. Stat. 1957, ch. 74, par. 3), with the introductory signal *Cf.* According to the 13th edition of A Uniform System of Citation, the introduction signal *Cf.* indicates that the cited authority supports a proposition different from the main proposition but sufficiently analogous to lend support.

Despite the comparison made by the supreme court, we believe *River Valley* does not support plaintiff's argument. Moreover, if anything, it may lend support to the argument of the defendant. It will be remembered that the administrator contended that the insurer continued to be liable for interest on the entire amount of the judgment until the date of the garnishment judgment when the $50,000 was paid. The administrator then argued that the insurer continued to be liable for interest but only on the sum of $125,000. As such, it appears that the receipt of $50,000 acted to stop the accrual of further interest on that portion of the underlying judgment. The supreme court's holding that the original tender of $50,000 which was refused did not operate to terminate the insurer's continuing obligation for interest on the entire $175,000 judgment is not inconsistent with this position. It is clear the supreme court was only concerned with the original tender, which was refused, not with the effect of the subsequent tender, which was accepted.

Finally, plaintiff relies upon the case of *Thomas v. Missouri-Illinois R.R. Co.* (1975), 30 Ill. App. 3d 40, 332 N.E.2d 139. In that case judgment was entered against the railroad in the amount of $65,000. Within 30 days, counsel for defendant notified counsel for plaintiff that defendant was willing to pay the judgment, but plaintiff's counsel refused to accept payment because of plaintiff's intention to seek a new trial. After plaintiff's post-trial motion was denied, plaintiff's counsel notified defendant's counsel that plaintiff was now willing to accept payment. Upon defendant's motion the trial court determined that no interest on the judgment was due plaintiff, apparently because

of plaintiff's refusal to accept defendant's previous offer to pay the judgment. Plaintiff appealed from this order, and on November 5, 1974, defendant paid the sum of $65,000 to plaintiff and plaintiff filed in the circuit court a satisfaction of judgment for that amount, reserving the question of interest.

The significant question before the appellate court was whether the acts of defendant's counsel constituted a formal tender. The court reasoned that defendant's actions were merely an offer to tender and not sufficient to constitute actual tender. The court also noted that defendant, in his offer which was refused, asked for satisfaction. This was characterized as no more than an offer to compromise the judgment and not tender as envisioned by the Interest Act. In *dicta,* the court citing *Pinkstaff,* stated that the partial payment of the judgment would not act to stop accrual of interest on all but the balance of the judgment. Nevertheless, in its remand order, the appellate court in *Thomas* determined that because of plaintiff's satisfaction of the judgment and the acceptance of the money due him, interest ceased to accrue on November 5, 1974, the date the $65,000 was accepted by plaintiff.

■■ We do not find *Thomas* controlling. The opinion in *Thomas* does not require the reversal of the trial court here. Here, there was a partial payment in a form agreed to and accepted by the plaintiff. We note that in *Thomas,* the court determined there was no tender hence interest continued to accrue. Even assuming a tender, defendant offered a sum which was insufficient to cover the entire judgment, cost and interest accrued to date which, coupled with defendant's request for satisfaction of the judgment, was not sufficient to stop the accrual of interest. (*Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 202 N.E.2d 512.) Finally, plaintiff's ultimate acceptance of only the face value of the judgment (a sum admittedly not sufficient to encompass the entire amount of judgment plus interest) nevertheless caused the further accrual of interest to cease. The net effect is that acceptance of a sum with a reservation of interest to be determined constitutes an act which tolls the further accrual of interest.

■■ We note parenthetically that article XII pertaining to enforcement of judgments contains a subsection specifically directed to interest accruing on judgments. Section 12—109 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 12—109) provides:

> "Interest on judgments. Every judgment shall bear interest thereon, from the date of recovery of the judgment until the same is paid, at the rate of 8% per annum."

Despite the apparent disparity in the percent of interest chargeable and about which we offer no opinion, we are bound to conclude that the legislature is not presumed to have done a vain or useless thing in the enacting of a statute. (*Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 202 N.E.2d 512.) Given this premise it may then be argued that section 2—1303 of the Code, upon which the parties here rely, was intended to govern the computation of interest on judgments only in the situation in which either or both of the parties sought to appeal the underlying judgment. (See *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 524-25, 202 N.E.2d 512.) In all other cases, interest on the judgment accrues and may be enforced only under section 12—109 of the Code. Given the absence of any language under this latter provision requiring full tender of the amount of judgment, interest and costs, it may be argued that such is not required and that partial payment of the judgment will operate to suspend the accrual of further interest on all but the unpaid principal balance.

Defendant cites to us the case of *Tracey v. Shanley* (1941), 311 Ill. App. 529, 36 N.E.2d 753, the case relied upon by the trial court in reaching its determination that interest accrued only on the unpaid principal balance. In *Tracey* the receiver of the National City Bank of Ottawa recovered a judgment against defendants in the amount of $9,313.95 and $5.25 costs. On the day judgment was rendered, an execution was issued which was returned unsatisfied. Six years later the judgment debtors, in separate installments, paid $3,000 and $3,289.44 toward the judgment. The receiver accepted both amounts as tendered. Almost eight months later the attorney for the judgment debtors brought to the office of the receiver the sum of $3,029.76, which he tendered ostensibly in full payment and satisfaction of the original judgment. The receiver refused to accept the tender, but the attorney abandoned the money in the receiver's office and the receiver took charge of the currency, placing it in a safety deposit box where it remained thereafter.

The attorney for the receiver subsequently issued an execution against the Shanley's for $3,024.51, being the balance remaining unpaid on the judgment together with interest amounting of $5.25. On motion of the debtors, the execution was quashed, and the court further found that the accrued interest could not be collected by execution because of the lapse of time between the entry of judgment and the date of the execution.

It is sufficient for our purposes here to state simply that the appellate court determined that the statute of limitations did not bar collection of the interest. Beyond that, the court concluded that there

could be no complete satisfaction of a judgment by payment unless the payment covers interest, if any, and the costs chargeable against the defendant. The tender in this case did not include any accrued interest, and it was made to procure a complete satisfaction and discharge of the judgment. The court observed that the receiver rightly declined to accept it.

Having determined that interest was due and owing, the court turned to the question of how it was to be calculated. In so doing, the court reiterated the traditional concept that interest is defined to be the compensation which is paid by a debtor to his creditor in recompense for his detention of a debt. Although the judgment was never paid in full, the debtors recognized the validity of the judgment and made partial payments toward it which the judgment creditor accepted. Relying in part, upon authority from the Supreme Court of Judicature of New Hampshire, the court set out a formula by which partial payments were applied to interest and principal already accrued, with further interest computations to be made on the remaining unpaid balance. In the words of the New Hampshire case cited by the appellate court, plaintiff was entitled to recover as damages for the detention of his debt, interest upon the judgment to be computed in the same manner that interest is computed on a note upon which payments had been made. In substance, the trial court approved the computation of interest on a method similar to the declining balance theory propounded here by the defendant.

Although also not directly on point, a similar argument for computing interest on the unpaid principal balance after a number of installment payments had been made and accepted was approved in *dicta* by the court in *People ex rel. Holland v. Halprin* (1975), 30 Ill. App. 3d 254, 332 N.E.2d 501.

■■ The rationale which supports the defendant's position and which the trial court reiterated in its order is that if the judgment debtor retains the use of the money prior to satisfaction of judgment, the judgment creditor deserves interest as payment for that use. If, on the other hand, the creditor has use of the money, he has been "made whole" and cannot further penalize the debtor. (*Thomas v. Missouri-Illinois R.R. Co.* (1975), 30 Ill. App. 3d 40, 42, 332 N.E.2d 139.) We believe the creditor has a clear right to refuse acceptance of less than the entire judgment plus costs and accrued interest. And the failure to tender a sufficient amount to cover the entire sum due will not stop the accrual of interest on the entire judgment. However, to the extent that the creditor accepts in partial satisfaction installment payments toward the debt, he is no longer being denied the use of

such sums and is no longer entitled to interest thereon.

This rationale does not conflict with the statute or the rule announced in any of the cases cited by the plaintiff. In each of those cases, the tender of an insufficient amount was coupled with a claim or request that the sum constituted a satisfaction of the debt. In each instance, the tender offer was refused.

In the case at bar, after stipulation approved by the trial court, defendant obligated himself to make installment payments toward the debt, which payments were accepted and applied toward the debt by the plaintiff. Under these circumstances, we believe that the trial court properly concluded that interest should be calculated on a declining balance method. To the extent that plaintiff argues that such a holding requires complicated accounting on the part of the creditor to update and recalculate interest, we reiterate that the creditor need not accept any payment other than that which would constitute full and complete satisfaction of the judgment including costs and interest. To the extent he accepts less, he may not thereafter continue to charge interest on the amount he has agreed to accept in partial satisfaction of the judgment.

For the foregoing reasons, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

WEBBER and MORTHLAND, JJ., concur.