NATIONAL LOCK HARDWARE, Appellant and Cross-Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Anna A. Childs, Appellee and Cross-Appellant).

Second District (Industrial Commission Division)  No. 2—86—0652WC

Opinion filed September 4, 1987.

BARRY, P.J., dissenting.

Michael E. Rusin, of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellant.

John L. Heaslip, of Heaslip & Pirrello, P.C., of Rockford, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

The employer, National Lock Hardware, has perfected this appeal from a judgment of the circuit court of Winnebago County which awarded the employee, Anna A. Childs, interest on an award pursuant to section 19(n) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(n)). The employee has filed a cross-appeal contending that the award of interest should have run from the date of the arbitrator's award rather than the date of the award by the Industrial Commission. The pertinent facts are as follows.

On June 29, 1982, following a hearing, the arbitrator awarded the employee 64 1/7 weeks of temporary total disability, 60 weeks of permanent partial disability, and $481.88 in medical expenses. The employer appealed the arbitrator's decision to the Industrial Commission. On February 6, 1984, the Commission modified the arbitrator's decision and awarded the employee 58 3/7 weeks of temporary total disability, 60 weeks of permanent partial disability, and $481.88 in medical expenses. The employer appealed the Commission's decision to the circuit court, which confirmed the decision. On January 3, 1986, the

appellate court affirmed the decision of the Industrial Commission.

On February 11, 1986, the employee filed a petition in the circuit court of Winnebago County, pursuant to section 19(g) of the Act, seeking judgment in the amount of the award plus interest, costs, and attorney fees. On February 12, 1986, the employer tendered a draft in the amount of $19,667.51 to the employee. The employee refused to accept the draft and returned it to the employer. On February 19, 1986, the employer tendered a second draft in the amount of $17,862.15, which the employee accepted without prejudice to claim additional interest. The draft represented the principal amount due plus interest at 6% from February 6, 1984 (the date of the Industrial Commission's award), to February 20, 1986.

On April 24, 1986, after the presentation of briefs and argument, the circuit court awarded the employee interest on the decision of the Industrial Commission from July 1, 1983, to June 30, 1984, at the rate of 1% over prime (12.5%) and from July 1, 1984, to February 20, 1986, at the T-bill rate in effect on July 1, 1984 (10.49%), for a total award of $20,596.92. The circuit court denied the employee's request for attorney fees. This appeal followed.

The employee has conceded that since the arbitrator's award was entered prior to July 1, 1984, the original provision of section 19(n) (Ill. Rev. Stat. 1981, ch. 48, par 138.19(n)) controls this case. (*Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 522-24.) The then section 19(n) stated as follows:

> "All decisions of the Industrial Commission *confirming* or *increasing* an award entered by an arbitrator of the Commission shall bear interest at the rate of 6% per annum from the date of the arbitrator's award on all compensation accrued." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).

In the case before us, the Industrial Commission modified the award to the employee by *decreasing* the amount of temporary total disability. This modification by the Industrial Commission was affirmed on review by both the circuit court and the appellate court. Section 19(n) is applicable to all decisions which confirmed or increased an arbitrator's award. (*Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 524-25.) The employee argues that the decrease in the award was due to the fact that the arbitrator awarded temporary total disability until such time as the treating physician authorized her return to work, whereas the Commission terminated the disability as of the date she went on regular retirement. That explanation for the decrease notwithstanding, the fact remains that the award was decreased. Nor does the fact that the employer here

sought review of the award compel a different result. (See *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240.) Since in the case before us, the award was decreased, we hold that section 19(n) is not applicable, and the award of interest pursuant to section 19(n) was error.

The judgment of the circuit court of Winnebago County is reversed.

Reversed.

McCULLOUGH, McNAMARA, and KASSERMAN, JJ., concur.

PRESIDING JUSTICE BARRY, dissenting:

I am unable to agree with the majority's conclusion that the employee is not entitled to interest under section 19(n) of the Workers' Compensation Act. (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).) Accordingly, I respectfully dissent.

Section 19(n) provides in relevant part that "[a]ll decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator of the Commission shall bear interest." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).) This section is ambiguous in its use of the word "confirming." The majority takes the position that the Commission must confirm the arbitrator's award in whole to entitle an employee to section 19(n) interest. For the reasons I will set forth, I believe it is more reasonable to interpret section 19(n) as including all awards which are confirmed in whole or in part.

In the instant case, the arbitrator awarded the employee 64$\frac{1}{7}$ weeks of temporary total disability, 60 weeks of permanent partial disability, and $481.88 in medical expenses. The employer appealed. On review, the Commission affirmed the 60 weeks of permanent partial disability and $481.88 in medical expenses, but modified the temporary total disability award to 58$\frac{3}{7}$ weeks. Thus, out of a total award of 124$\frac{1}{7}$ weeks compensation, the Commission modified the arbitrator's award by only 5$\frac{5}{7}$ weeks.

The majority concludes that the legislature intended that such a relatively small modification in the employer's favor would preclude an employee from receiving interest under section 19(n). In fact, under the majority's interpretation, a modification of only one day, if it were in the employer's favor, would preclude the employee from receiving interest under section 19(n). This interpretation could easily result in the Commission decreasing an award by only a few dollars, but the employee losing thousands of dollars in interest. I do not believe that the legislature intended such a result.

The Workers' Compensation Act is remedial in nature and should be liberally construed to accomplish its purposes and objectives. (*Pathfinder Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 556, 343 N.E.2d 913.) The fundamental purpose of the Act is to promote the general welfare of the people of Illinois by providing employees and their dependents prompt, sure and definite compensation, together with a quick and efficient remedy for injuries suffered in the course of employment. (*General American Life Insurance Co. v. Industrial Comm'n* (1983), 97 Ill. 2d 359, 454 N.E.2d 643.) Where there is ambiguity in a statute, subsequent amendments to the statute are appropriate sources for determining legislative intent. *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 408 N.E.2d 204.

As set forth in *Pathfinder*, the Workers' Compensation Act, being remedial in nature, should be construed liberally and any ambiguity should be resolved in favor of the employee. Further, allowing interest on partially confirmed awards promotes the Act's fundamental purpose of providing employees and their dependents prompt compensation by insuring that employers have nothing to gain by delaying payment without cause. Interest payments also insure that the employee begins benefitting from the award upon the arbitrator's or Industrial Commission's decision, even if the employee does not actually receive payment until later.

Conversely, the majority's interpretation encourages employers to take questionable appeals. Any reduction in the arbitrator's award, no matter how small, will result in a windfall to the employer. The employer will have avoided paying any interest on the award and retained the benefit of using the employee's award money throughout the appeal period. This result is contrary to the Act's objectives, as is the majority's conclusion that an employee whose award is confirmed 100% is entitled to interest on his money, while an employee whose award is 99.9% confirmed is not entitled to any interest.

My interpretation of the legislature's intent is supported by subsequent amendments to the instant section 19(n). Effective July 1, 1984, section 19(n) was amended to read: " 'After June 30, 1983, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission, and decisions of the Commission involving cases heard directly by the Commission under paragraph (b) of Section 19, shall draw interest ***. However, when a petitioner appeals an award of an Arbitrator or the Commission, and the appeal results in no change in the award, interest shall not further accrue from the date of such appeal.' Ill. Rev. Stat., 1983 Supp., ch. 48, par. 138.19(n) ***." *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 523-24,

498 N.E.2d 240.

The legislature subsequently further amended section 19(n) to add in pertinent part: "However, when an employee appeals an award of an Arbitrator or the Commission, and the appeal results in no change *or a decrease* in the award, interest shall not further accrue from the date of such appeal." (Emphasis added.) Ill. Rev. Stat., 1984 Supp., ch. 48, par. 138.19(n); see also *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240.

Under amended section 19(n), an employee receives interest when the employer appeals and the Commission confirms any part of the arbitrator's award. If the employee appeals, he receives interest only if the Commission increases the arbitrator's award. Thus, section 19(n), as it now reads, tends to show that the legislature never meant to deviate from the fundamental objectives of the Act. These objectives, coupled with the current wording, lead me to conclude that the legislature always intended that when the employer appeals to the Commission, section 19(n) interest shall be awarded to an employee on any part of the arbitrator's award confirmed by the Commission. For these reasons, I would find that the instant employee was entitled to interest under section 19(n) on the $118^{3}/_{7}$ weeks of the arbitrator's award confirmed by the Commission.