PAULINE APER, Plaintiff-Appellant and Cross-Appellee, v. NATIONAL UNION ELECTRIC CORPORATION, Defendant-Appellee and Cross-Appellant.

Fourth District   No. 4—88—0399

Opinion filed December 15, 1988.

James Walker, Ltd., of Bloomington, for appellant.

Arthur R. Kingery, of Law Offices of Strodel, Kingery & Durree, Associated, of Peoria, for appellee.

JUSTICE GREEN delivered the opinion of the court:

In this appeal we consider the issue of the proper computation of interest on a workers' compensation award. The facts are straightforward.

On April 29, 1987, a panel of the Industrial Commission Division entered an order affirming, in part, and reversing, in part, the Industrial Commission (Commission) award to plaintiff, Pauline Aper. *National Union Electric Corp. v. Industrial Comm'n* (1987), 154 Ill. App. 3d 1163 (order under Supreme Court Rule 23) (*Aper I*).

On June 1, 1987, plaintiff filed a petition for judgment on the award pursuant to section 19(g) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(g)). At the time, the parties disputed the amount of interest which was due on the judgment. Plaintiff contended interest should have been calculated at the statutory rate of 9% from the date of the arbitrator's decision through the date of judgment on the petition for judgment under section 19(g) of the Act. Defendant contended no interest was due because the Commission reduced the arbitrator's award. On the date of the hearing on the section 19(g) petition, June 30, 1987, plaintiff accepted a check in the amount of $16,501.08 which, the parties agreed, constituted the full amount of the Commission award. That sum, however, did not include any amount for accrued interest on the award.

The trial court granted interest to plaintiff at the rate of 9% but only from the date of the Commission decision on the theory the appellate court affirmed the Commission not the arbitrator. Based on the trial court's ruling, both parties appealed resulting in this court's decision in *Aper v. National Union Electric Corp.* (1988), 165 Ill.

App. 3d 482, 519 N.E.2d 117 (*Aper II*). On that appeal, this court agreed with plaintiff on the question of interest, vacated the award previously made, and remanded to the circuit court "for a recomputation of interest, which should be accrued from the date of the arbitrator's award." 165 Ill. App. 3d at 488, 519 N.E.2d at 121.

Following remand, defendant attempted to tender an amount representing 9% interest on the award due claimant from the date of the arbitrator's decision through June 2, 1987, the date defendant made its original tender to plaintiff which was initially refused.

Plaintiff, by letter, refused to accept the offer, stating in part:

"You tendered partial payment of $16,501.08 on June 30, 1987. On that date $5,981.63 of interest was due. Your partial payment satisfied that amount of interest, plus the $220 of medical expense, plus $10,299.45 of the compensation that was due, leaving $5,981.63 of compensation unpaid. That sum is accruing $1.475 of interest per day from June 30, 1987, until paid. ***

I will accept $6,501.78 ($5,981.63 plus $520.15) interest at 9% on $5,981.63 from June 30, 1987, until the date of payment as satisfaction in full of 87—MR—42."

As this position was unacceptable to defendant, the parties proceeded to hearing before the trial judge, who substantially agreed with defendant and declined to award plaintiff interest beyond June 30, 1987, the date she accepted $16,501.08. The parties agree the amount actually awarded on remand after *Aper II* constituted 9% interest from the date of the arbitrator's decision through June 30, 1987. Both parties have again appealed.

■■ ■ Plaintiff contends interest continued to accrue after June 30, 1987, because the amount she accepted did not satisfy the entire judgment, including interest, then due her. Plaintiff asks this court to apply the general rule that when a party accepts partial payment of the judgment and that amount is not sufficient to satisfy the full amount of judgment plus any costs or interest then due, the party is entitled to apply the amount to the interest due as of that date with any balance then credited to reduce the amount of judgment principal. This is a general principle of law. (*Scales v. McMahon* (1936), 364 Ill. 413, 4 N.E.2d 872; *Tracey v. Shanley* (1941), 311 Ill. App. 529, 36 N.E.2d 753.) We see no reason this rule is not applicable on a workers' compensation award.

More recently, in *Illini FS, Inc. v. Myerscough* (1985), 137 Ill. App. 3d 861, 484 N.E.2d 1385, the court considered the similar question of whether a partial payment toward satisfaction of a judgment

which was accepted by the judgment creditor stopped the further accrual of interest on all but that portion of the unpaid principal remaining after partial payment was applied to the judgment debt. There, the parties agreed to a schedule of partial payments on a debt which extended over several years. When time for the final installment payment came, defendant contended interest should have been calculated on the declining balance of the judgment as payments were made. Plaintiff argued interest should have been calculated on the entire amount of the judgment until paid in full. This court accepted defendant's theory holding that to the extent the creditor accepts less than the full judgment by agreement, he may not thereafter continue to charge interest on the amount he has agreed to accept in partial satisfaction of the judgment.

■ Since the amount which plaintiff accepted in this case did not amount to complete satisfaction of the judgment because the sum did not include any interest, interest continued to accrue after June 30, 1987, and the trial court erred in failing to award plaintiff interest beyond that date.

Defendant contends interest should not have accrued beyond June 30, 1987, because defendant could not have anticipated the decision of the appellate court which awarded additional interest back to the date of the arbitrator's original award. Defendant contends it could not have stopped the accrual of interest on the June 30, 1987, judgment because it had no idea what it owed given this court's decision to increase the amount of interest. On the facts of this case, however, we need not resolve this issue.

When defendant made the tender accepted by plaintiff it took the position absolutely no interest was due. Even after the trial court awarded plaintiff some interest, defendant did not unconditionally tender the amount of interest fixed by that award during the course of the second appeal of this case. We, therefore, do not pass upon the question of what the situation would have been had defendant made a complete tender immediately following June 30, 1987.

■ In *Aper II*, this court considered the issue of defendant's inability to determine liability in the context of whether attorney fees should have been awarded. The court noted there was a legitimate dispute as to whether any interest was due. That legitimate concern precluded an award of attorney fees. The same argument, however, does not apply to the payment of interest on an award already made. It is not enough that the debtor has a legitimate dispute as to whether the judgment appealed is correct. If the judgment debtor pays the entire sum due, he can recoup amounts overpaid to the ex-

tent he is successful in overturning the decision on appeal. In the event the debtor is unsuccessful on appeal, he has already paid the entire judgment and owes nothing further. To the extent, however, the debtor does not satisfy the underlying judgment prior to an appeal, he is liable for the continuing accrual of interest in the event he is unsuccessful on appeal. We conclude interest continued to accrue at the rate of $1.475 per day from June 30, 1987.

■ In its cross-appeal, defendant asks this court to reconsider its decision in *Aper II* and hold that interest is not available under section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303). Defendant contends the case of *National Lock Hardware v. Industrial Comm'n* (1987), 166 Ill. App. 3d 601, 520 N.E.2d 43, is identical to the instant case wherein it was held interest was not awardable under section 19(n) of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(n)). We disagree. The issue of whether interest was available under section 2—1303 of the Code was not raised by the parties in *National Lock* and it is, therefore, not controlling here.

■ Defendant also claims recent Industrial Commission decisions permitting interest under that section, as well as *Aper II*, are unsound law. (See *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 97, 513 N.E.2d 1045, 1052 (Kasserman, J., dissenting); *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41, 526 N.E.2d 675.) Plaintiff has filed a motion to strike the brief and dismiss the cross-appeal as to this issue on the theory law of the case forecloses reconsideration of an issue ruled upon in a previous appeal. (*Foss Park District v. First National Bank* (1974), 19 Ill. App. 3d 553, 312 N.E.2d 58.) Defendant responds the rule is not an inexorable one and should not be adhered to in a case in which the court has committed an error which results in injustice, and at the same time lays down a principle of law for future guidance which is unsound and contrary to the interest of society. *Awotin v. Atlas Exchange National Bank* (1934), 275 Ill. App. 530.

The argument defendant raises over the propriety of interest on workers' compensation awards has been considered and rejected in *Bray* and *Ballard*. Defendant presents no compelling circumstances suggesting why the precedent should be changed. Accordingly, we believe law of the case is properly applied here and decline to reconsider the issue we have previously ruled upon. Since defendant is entitled to raise this argument, however, plaintiff's motion to strike the brief and dismiss the cross-appeal is not well-taken and is denied.

In conclusion, we reverse the judgment of the trial court and di-

rect that interest on the remaining unpaid principal be awarded from June 30, 1987, until paid.

Reversed and remanded with directions.

McCULLOUGH, P.J., and LUND, J., concur.